UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 10-111** |
| **v.** | * | **SECTION: "R"** |
| **LLOYD CURRY** | * | |
| | * * * | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE
(1) TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
AND (2) TO DEFENDANT'S SUPPLEMENTAL MOTION**

**MAY IT PLEASE THE COURT:**

The United States of America, through the undersigned Assistant United States Attorney, hereby responds to Lloyd Curry's supplemental motion under 28 U.S.C. § 2255. First, the government adopts in full its Combined Response (1) to Defendant's Motion under 28 U.S.C. § 2255 and (2) to Defendant's Motion to Stay Proceedings. *See* Doc. No. 114. It appears that by Curry's pro se Supplemental Motion Pursuant to § 2255, Doc. No. 119, Curry attempts to provide additional argument for his timely but barebones original § 2255 filing. In view of *In re Williams*, No. 15-30731, 2015 WL 7074261, ___F.3d ___ (5th Cir. Nov. 12, 2015), the government waives any objection to the filing of Curry's untimely supplemental response and to whether the response should relate back to the original filing. *See* Doc. Nos. 104, 119.

This Court appointed the Office of the Federal Public Defender to represent Curry for purposes of his claim under *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. In the absence of controlling Fifth Circuit authority, the government agreed that Curry's prior conviction for aggravated flight from an officer did not qualify as a predicate

crime under the ACCA's residual clause. Doc. No. 122. This Court then ordered that the government respond to Curry's Supplemental Motion Pursuant to § 2255 in accordance with Local Rule 7.5, with a submission date of December 2, 2015. Doc. No. 128.

Less than two weeks ago, the Fifth Circuit ruled that the *Johnson* was not a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding but rather a rule "that merely alter[s] the sentencing structure under which a penalty is imposed." *Williams*, 2015 WL 7074261, at *2. Accordingly, the Fifth Circuit held that the Supreme Court's *Johnson* decision was not retroactive for cases on collateral review under § 2255. *Id.* Based on this controlling authority, the government cannot concede that *Johnson* relieves Curry of his ACCA sentence.[1] The government thus opposes any relief under *Johnson* and asks this Court to deny Curry's § 2255 claims under the ACCA.

By way of ineffective counsel, prosecutorial misconduct, and sentencing guidelines arguments, Curry also raises the claims his 1997 conviction of attempted aggravated oral sexual battery in Orleans Parish Criminal District Court should be subject to collateral challenge here and that it is not a predicate offense under the ACCA because "this alleged Sex offense occurred between two Juveniles, one probably a bit older than the other," and no record shows he was told of his constitutional rights in Orleans Parish Criminal District Court. Doc. No. 119-1, p. 3. He claims his counsel was ineffective in failing to investigate and raise factual challenges to the 1997 conviction before this Court, that the government committed prosecutorial misconduct by urging this crime as an ACCA predicate, and that it does not satisfy the requirements for application of two sentencing guidelines, U.S.S.C. §§ 4B1.1 or 4B1.4.

---

[1] The government has informed opposing counsel of this development.

In Part II(A) of the government's original opposition, Doc. No. 114, the government addressed Curry's complaint about his attempted aggravated oral sexual battery as a predicate offense under the ACCA and about any allegation of ineffective assistance in failing to challenge the state conviction.  Doc. No. 114, pp. 7-8.  The government observed that Curry did not raise the issue in Orleans Parish Criminal District Court, the proper venue to collaterally challenge a prior conviction.  *Id.* at 8.  The government further urged that the Court already has considered whether the conviction constituted a "violent felony" under the ACCA, Doc. No. 93, pp. 6-7, affirmed on plain error review.  *Id.* at 8 & n.4.  Nor, as the government previously argued, has Curry claimed that he would not have pleaded guilty but instead would have proceeded to trial.  *Id.* at 8.  Moreover, his allegations of prosecutorial misconduct fail because, as the Fifth Circuit observed, the government presented certified documentation of his three prior convictions to this Court:

> Considering Curry's objection to his classification as an armed career criminal, the court noted the Government's evidence regarding the three prior convictions listed in the PSR, admitted in evidence the certified copies of the state-court charging documents for those offenses, and concluded: "Each of these three convictions meets the requirement for a violent felony or serious drug offense."

*United States v. Curry*, 552 F. App'x 309, 311 (5th Cir.), *cert. denied*, 134 S. Ct. 2323 (2014).

Finally, Curry's challenge to his sentencing guidelines is foreclosed on collateral review:

> Segler next contends that the district court misapplied the Sentencing Guidelines in sentencing him as a career offender. A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255. Applying the § 4B1.1 criteria to determine whether to sentence as a career offender does not implicate any constitutional issues.

*United States v. Segler*, 37 F.3d 1131, 1133-34 (5th Cir. 1994).

## **CONCLUSION**

For the foregoing reasons and those more fully set forth in its Combined Response (1) to Defendant's Motion under 28 U.S.C. § 2255 and (2) to Defendant's Motion to Stay Proceedings, the government respectfully requests that this Court deny relief under 28 U.S.C. § 2255 to Lloyd Curry.

    Respectfully submitted,

    KENNETH ALLEN POLITE, JR.
    UNITED STATES ATTORNEY


    /s/ *Diane Hollenshead Copes*
    DIANE HOLLENSHEAD COPES
    Assistant United States Attorney
    La. Bar Roll No. 23456
    650 Poydras Street, Suite 1600
    New Orleans, LA 70130
    Telephone: (504) 680-3029
    diane.copes@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 24, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.  I further certify that a copy of the foregoing has been served upon pro-se defendant, Lloyd E. Curry, Reg. No. 31442-034, FCI Beaumont, P.O. Box 26040, Beaumont, TX 77720.

                                              /s/ *Diane Hollenshead Copes*
                                              DIANE HOLLENSHEAD COPES
                                              Assistant United States Attorney