UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 10-111 |
| LLOYD CURRY | SECTION: R |

## ORDER AND REASONS

Pro se litigant Lloyd Curry moves the Court to vacate his sentence under 28 U.S.C. § 2255.[1]  Having reviewed Curry's original 2255 motion, his supplemental 2255 motion, and the Government's opposition, the Court denies the motion and denies a certificate of appealability.

## I.   BACKGROUND

The Armed Career Criminal Act, 18 U.S.C. § 924(e), requires sentencing courts to impose a minimum fifteen-year term of imprisonment on repeat offenders who are convicted of unlawful possession of a firearm under 18 U.S.C. 992(g).  The Act provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

---

[1]    R. Doc. 104.

18 U.S.C. § 924(e)(1). The Act establishes six definitions for a "violent felony": any crime that (1) has as an element the use, attempted use, or threatened use of physical force against another person; (2) is burglary; (3) is arson; (4) is extortion; (5) involves using explosives; or (6) "otherwise involves conduct that presents serious potential risk of injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). Courts have coined the first definition the "force clause"; and the sixth definition, the "residual clause." *See United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007). The Act also provides that the term "serious drug offense" includes any State offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," which is punishable by a maximum term of ten years. 18 U.S.C. § 924(e)(2)(A)(ii).

On May 2, 2012, this Court sentenced Curry as an armed career criminal based on three prior Louisiana state court convictions. Curry now challenges that sentence.

### A.    Curry's Federal Conviction and Sentence

A federal grand jury issued a superseding indictment against Curry on May 27, 2010. Counts One, Two, and Three charged Curry with distributing heroin.[2] Counts Four and Five charged Curry with possessing certain firearms

---

[2]    R. Doc. 11 at 1-2.

2

after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1).[3] Counts Four and Five listed as Curry's previous felonies a June 20, 2007 conviction for aggravated flight from an officer; a December 14, 1999 conviction for attempted distribution of marijuana; and a September 10, 1997 conviction for attempted aggravated oral sexual battery.[4]

Curry pleaded guilty to Counts One, Two, Three, and Five on February 23, 2011.[5] The Court sentenced Curry on May 2, 2012.[6] At the sentencing hearing, the Government submitted Curry's state district court records as evidence of his three previous convictions. First, on September 10, 1997, a jury in Orleans Parish Criminal District Court convicted Curry of attempted aggravated oral sexual battery.[7] Second, on December 14, 1999, Curry pleaded guilty to attempted distribution of marijuana in Orleans Parish Criminal

---

[3] *Id.* at 2-3.

[4] *Id.*

[5] *See* R. Doc. 37.

[6] *See* R. Doc. 69.

[7] *See* R. Doc. 93 at 5-6. At sentencing, the Court inadvertently stated that Curry pleaded guilty to the attempted aggravated oral sexual battery charge, but the Orleans Parish Criminal District Court docket sheet reflects that Curry was convicted after a jury trial. *See* R. Doc. 114-1 at 6-7. Curry's arguments in support of his 2255 motion also suggest that he was convicted after a trial.

District Court.[8] Third, on June 20, 2007, Curry pleaded guilty to aggravated flight from an officer in the Twenty-Fourth Judicial District Court in Jefferson Parish.[9] The Court found that each of these convictions satisfied the Armed Career Criminal Act's "violent felony" or "serious drug offense" requirement.[10] The Court ultimately sentenced Curry to a total of 336 months.[11]

Curry directly appealed his sentence to the Fifth Circuit. Curry argued that his conviction for attempted aggravated oral sexual battery was not a "violent felony" under the Armed Career Criminal Act and that the Act's residual clause was void-f0r-vagueness. Finding that Curry failed to show that this Court had committed plain error because attempted aggravated oral sexual battery satisfied the Act's residual clause, the Fifth Circuit affirmed Curry's sentence. The court declined to address whether attempted aggravated oral sexual battery includes physical force as an element of the offense and thus satisfies the Act's "force clause." The court summarily rejected Curry's constitutional challenge under the then-prevailing Supreme Court precedent. *United States v. Curry*, 552 F. App'x 309, 314-15 (5th Cir. 2014). Curry petitioned the United States Supreme Court for writ of certiorari, which the

---

[8]   R. Doc. 93 at 6; R. Doc. 114-1 at 10.

[9]   R. Doc. 93 at 5-6; R. Doc. 114-1 at 19.

[10]  R. Doc. 93 at 6.

[11]  R. Doc. 70 at 2.

Supreme Court denied on May 19, 2014. *Curry v. United States*, 134 S. Ct. 2323 (2014).

### B. Curry's Motion to Vacate His Sentence under Section 2255

On March 30, 2015, utilizing a form section 2255 motion, Curry moved to vacate his sentence, asserting four potential grounds for relief.[12] In Ground One, Curry argued that the Orleans Parish Criminal District Court erred by trying Curry as an adult for attempted aggravated oral sexual battery "knowing that [he] was a juvenile at the start of this offense."[13] In Ground Two, Curry argued that "counsel . . . rendered ineffective assistance while denying [him] his constitutional rights and [denying] his substantial and constitutional rights, the denial of due [process] of law."[14] In Ground Three, Curry argued that the Assistant United States Attorney who prosecuted Curry in this Court "used false and erroneous information to establish . . . that [Curry] committed an alleged violent crime to characterize him as a career offender[.]"[15] In Ground Four, Curry argued that he "is not an armed career offender and

---

[12] *See* R. Doc. 104.

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] *Id.* at 8.

should be resentenced[.]"[16] Curry's form motion failed to present any facts in support of his arguments, but noted several times, "See Memorandum of Law."[17]

On July 10, 2015, Curry moved the Court to stay this proceeding to give Curry additional time to submit a "Memorandum of Law" supporting his section 2255 motion.[18] On July 27, 2015, the Government filed its opposition to Curry's section 2255 motion and motion to stay the proceedings. Regarding the motion to stay, the Government noted that it would not object to Curry's filing a later memorandum to support his section 2255 claims, provided that they relate back for amendment purposes.

On September 28, 2015, Curry filed a "Supplemental Motion Pursuant to § 2255." This supplemental motion includes a motion to amend "Ground One" as originally stated in his section 2255 motion, to instead read: "The Petitioner's Substantial and Constitutional Rights ha[ve] been violated by the use of Predicate conviction to enhance the Petitioner's sentence."[19]

---

[16] *Id.* at 9.

[17] *See, e.g.*, *id.* at 5.

[18] *See* R. Doc. 112.

[19] R. Doc. 119 at 3.

Curry's supplemental motion also includes a "Memorandum of Law" in support of his other arguments.[20] In his accompanying memorandum, to support Ground One, Curry argues that attempted aggravated oral sexual battery does not qualify as a violent felony under the Armed Career Criminal Act's "force clause."[21] Specifically, Curry argues that there is no proof that he committed the offense by "force," "threats," or "violence."[22] To support Ground Two, the ineffective assistance of counsel claim, Curry argues that counsel in his federal prosecution failed to investigate whether the attempted aggravated oral sexual battery offense was valid, failed to argue that neither violence nor force was involved in his commission of the offense, and failed to object to the sentencing enhancement.[23] To support Ground Three, Curry also argues that the federal prosecutor engaged in misconduct by using the attempted aggravated oral sexual battery offense to enhance his sentence. According to Curry, the Government knew that Curry's commission of the offense did not involve violence but that the title of the offense sounds violent in nature.[24] Finally, to support Ground Four, Curry argues that he is not

---

[20]   R. Doc. 119-1 at 1.

[21]   R. Doc. 119-1 at 3.

[22]   *Id.* at 4, 7.

[23]   *Id.* at 8.

[24]   *Id.* at 11.

properly considered an armed career criminal and should be re-sentenced because (1) attempted aggravated oral sexual battery is not a violent felony, and (2) attempt to distribute marijuana is not a "serious" drug offense, as required by the Armed Career Criminal Act.[25]

In response, the Government waived any objection to Curry's filing an untimely supplemental motion and to whether the supplemental motion should relate back to his original filing.[26] The Government also re-urged the arguments it made in opposition to Curry's original 2255 motion.[27] Accordingly, the Court GRANTS Curry's motion to amend his original § 2255 motion to include amended Ground One, as well as his supporting arguments in the Memorandum of Law. The Court addresses those arguments throughout this order. The Court DENIES as moot Curry's motion to stay.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only

---

[25] *Id.* at 14.

[26] R. Doc. 131 at 1.

[27] *Id.* at 2-3.

a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424 (1962)).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), 28 U.S.C. foll. § 2255. If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules 6–7, 28 U.S.C. foll. § 2255.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rule 8, 28 U.S.C. foll. § 2255. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 471 (5th Cir. 2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III.  DISCUSSION

Each of Curry's four grounds for post-conviction relief ultimately depends on whether his underlying conviction for attempted aggravated oral sexual battery is a "violent felony" under the Armed Career Criminal Act. The Fifth Circuit has already answered this question and affirmed Curry's enhanced sentence as an armed career criminal on direct appeal. The Fifth Circuit's holding rested on the now-defunct "residual clause" of the Armed Career Criminal Act, which the Supreme Court invalidated as void-for-vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* does not afford Curry any relief, however, because the unconstitutionality of the residual clause does not apply to cases on collateral review. *See In re Williams*, ___ F.3d ___, 2015 WL 7074261 (5th Cir. 2015). Accordingly, the Fifth Circuit's decision on Curry's direct appeal remains the law of his case for this Court's collateral review. *See Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) ("If issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."); *see also United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) ("[W]e may not consider an issue disposed of in [a] previous

appeal at the § 2255 stage."). Having been raised by Curry and considered and disposed of by the Fifth Circuit, these claims are procedurally barred.

To the extent that Curry now argues that his conviction for attempted distribution of marijuana cannot support his armed career criminal classification, this claim is also procedurally barred. Curry failed to raise this claim on direct appeal, which constitutes "procedural default." *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2011). The Court will excuse a petitioner's procedural default only upon a showing of cause and prejudice. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Willis*, 273 F.3d at 595. Here, Curry has shown neither, and the Court need not address this claim on Curry's section 2255 motion. Therefore, the Court finds that an evidentiary hearing is unnecessary and denies Curry's motion to vacate his sentence.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the

12

petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in this Order denying relief, the Court concludes that Curry's petition fails to satisfy this standard.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Curry's petition for habeas corpus and DENIES a certificate of appealability.

New Orleans, Louisiana, this \_\_\_\_10th\_\_\_\_ day of December, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE