UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Crim. No. 10-111 |
| VERSUS | * | Civil No. 15-00968 |
| LLOYD E. CURRY | * | SECTION: "R" |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 PURSUANT TO *JOHNSON***

Defendant-movant, Lloyd E. Curry, through undersigned counsel, hereby files this memorandum in support of his motion to correct his sentence pursuant to 28 U.S.C. § 2255, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015).

On May 2, 2012, this Court sentenced Mr. Curry as an armed career criminal. After *Johnson*, Mr. Curry no longer has the three predicate convictions necessary to qualify him as an armed career criminal because his prior convictions for aggravated flight from an officer and attempted aggravated oral sexual battery cannot be qualified as a violent felonies under the remaining force or enumerated offenses clauses of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). As a result, Mr. Curry's current sentence of 28 years for his felon in possession of a firearm offense is in excess of the statutory maximum of 10 years, 18 U.S.C. § 922(g)(1), and violates due process of law. Mr. Curry respectfully requests that this Court vacate his sentence as to his felon in possession of a firearm conviction and his counts of conviction, and order that he be re-sentenced without application of the ACCA.

1

**PROCEDURAL BACKGROUND**

I.   **Guilty Pleas and Sentencing.**

On February 23, 2011, Mr. Curry pleaded guilty pursuant to a written plea agreement to three counts of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts 1ss to 3ss), and one count of unlawful possession of firearms after a felony conviction, in violation 18 U.S.C. § 922(g)(1) (Count 5ss). *See* ROA.38-43; ROA.493-96; ROA.379-408.[1] In pleading guilty to Count 5, Mr. Curry admitted that he had three prior convictions: attempted aggravated oral sexual battery (attempted when he was 15 years old), attempted possession with intent to distribute marijuana (attempted when he was 18 years old), and aggravated flight from a police officer. ROA.95.

At Mr. Curry's sentencing hearing on May 2, 2012, this Court found that each of these prior convictions met the requirement for a violent felony or serious drug offense under ACCA. ROA.429-31. This Court then held that Mr. Curry was properly considered an armed career criminal under ACCA, and, accordingly, was subject to a base offense level of 34. *Id.*

This Court ultimately imposed a 4-point upward departure, which with the 3-point reduction for Mr. Curry's acceptance of responsibility, produced an enhanced total offense level of 35. ROA.482-86. With an offense level of 35 and a criminal history category of VI, Mr. Curry's guideline range of imprisonment was 292 to 336 months. ROA.486. This Court sentenced Mr. Curry to a total sentence of 336 months (240 months as to counts 1, 2 and 3, and 336 months as to count 5, to be served concurrently). ROA.448.

---

[1] ROA citations are to the Record on Appeal in Mr. Curry's motion for certificate of appealability under Case No. 15-31092.

## II. Direct Appeal.

Mr. Curry directly appealed his sentence to the Fifth Circuit arguing, *inter alia*, that this Court erred in concluding that Mr. Curry's attempted aggravated oral sexual battery conviction was a violent felony under the ACCA. The Fifth Circuit affirmed Mr. Curry's sentence finding that he could not show that the district court committed plain error under the ACCA's residual clause. ROA.197-207; *United States v. Curry*, 552 F. App'x 309, 314-15 (5th Cir. 2014). Mr. Curry petitioned the United States Supreme Court for writ of certiorari, which the Court denied. *Curry v. United States*, 134 S. Ct. 2323 (2014).

## III. The § 2255 Proceeding.

On March 30, 2015, Mr. Curry filed a *pro se* motion for relief under 28 U.S.C. § 2255 where he raised several grounds for relief. ROA.217-26. In his motion for relief, Mr. Curry argued that he is not an armed career criminal and should be resentenced. ROA.225. Subsequent to Mr. Curry filing his motion, the Supreme Court issued its opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), where it held that ACCA's residual clause was unconstitutionally vague.

After the Supreme Court's opinion in *Johnson*, Mr. Curry filed a supplemental *pro se* memorandum supporting his § 2255 motion, which used *Johnson* to support his argument that he was no longer an armed career criminal. *See* ROA.322-31. The Government agreed with defense counsel that Mr. Curry's aggravated flight from an officer conviction no longer qualified as a violent felony in light of *Johnson* and Mr. Curry was eligible for relief. *See* ROA.339-42; ROA.354-55. However, after the Government agreed that Mr. Curry was eligible for relief pursuant to *Johnson*, the Fifth Circuit issued its opinion in *In re Williams*, 806 F.3d 322, 325-26 (5th Cir. 2015), where it held that *Johnson* did not apply retroactively to petitioners on collateral review. After *In re Williams*, the Government could no longer

concede that Mr. Curry was eligible for relief pursuant to *Johnson* in light of the Fifth Circuit's ruling barring the retroactive application of *Johnson* to cases on collateral review. ROA.354-55.

On December 10, 2016, this Court denied Mr. Curry's request for relief pursuant to *Johnson* and the accompanying certificate of appealability. ROA.359-72. This Court, relying on *In re Williams*, held that "*Johnson* does not afford Curry any relief, however, because the unconstitutionality of the residual clause does not apply to cases on collateral review." ROA. 369. This Court also denied Mr. Curry a certificate of appealability. ROA.370-71. Mr. Curry timely filed his notice of appeal as to the Court's denial of his claim for relief pursuant *Johnson* and the accompanying denial of a certificate of appealability. ROA.376-77.

After Mr. Curry filed his notice of appeal, the Supreme Court granted the petition for writ of certiorari in *Welch v. United States*, 136 S. Ct. 1257 (2016), to decide whether *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review. Mr. Curry requested a stay of his certificate of appealability proceedings in the Fifth Circuit pending the Supreme Court's decision in *Welch*, which the court granted.

On April 18, 2016, the Supreme Court issued its decision in *Welch*, holding that *Johnson* did announce a new substantive rule that has retroactive effect in cases on collateral review. 136 S. Ct. 1257 (2016). After this ruling, at Mr. Curry's request, the Fifth Circuit lifted the stay. On May 26, 2016, Mr. Curry filed a Motion for Certificate of Appealability and Unopposed Motion to Vacate and Remand. On August 1, 2016, the Fifth Circuit granted Mr. Curry's Motion for Certificate of Appealability and Unopposed Motion to Vacate and Remand. *United States v. Lloyd Curry*, No. 16-30712 (5th Cir. Aug. 1, 2016); Rec. Doc. No. 151.

4

# ARGUMENT

### IV.     Mr. Curry is no longer an armed career criminal.

Under the ACCA, a prior offense qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it

> (i)     has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
> (ii)    is burglary, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another~~ [known as the residual clause.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, the Supreme Court held that the residual clause referenced above was unconstitutionally void for vagueness in all applications. Therefore, a prior offense can now only qualify as a violent felony if it is either one of the enumerated offenses (burglary, arson, extortion, or use of explosives) or falls within the force clause. Mr. Curry's aggravated flight from an officer and attempted oral sexual battery convictions no longer qualify as violent felonies under the ACCA.

### A.     The Fifth Circuit agreed that Mr. Curry's aggravated flight from an officer conviction no longer qualifies as a violent felony.

The Fifth Circuit agreed with the Government and Mr. Curry that "his Louisiana conviction of aggravated flight from an officer no longer qualifies as a predicate offense under the ACCA in light of *Johnson*." *United States v. Lloyd Curry*, No. 16-30712 (5th Cir. Aug. 1, 2016); Rec. Doc. No. 151. It does not qualify as a violent felony under the enumerated offenses clause because it is not a generic burglary, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a violent felony under the force clause because it does not have an element the use, attempted use, or threat of violent physical force. *See* LA. REV. STAT. § 14:108.1(C) (defining aggravated flight from an officer as "the

intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense.").

Accordingly, because Mr. Curry's aggravated flight from an officer conviction does not qualify as a violent felony under the ACCA, Mr. Curry does not have the three necessary predicate convictions to qualify him as an armed career criminal and he is entitled to relief pursuant to *Johnson*.

### B. Mr. Curry's attempted aggravated oral sexual battery conviction also no longer qualifies as a violent felony.

Mr. Curry's prior conviction for attempted aggravated oral sexual battery is also no longer a violent felony pursuant to *Johnson*. It does not qualify as a violent felony under the enumerated offenses clause because it is not a generic burglary, arson, extortion, or use of explosives offense. Additionally, as explained below, it also does not qualify as a violent felony under the force clause.

At the time of the offense at issue, relevant Louisiana law defined the offense of oral sexual battery as follows:

> Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, *or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender*:
>
> (1)   The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender;
>
>        or
>
> (2)   The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

6

LA. REV. STAT. § 43.3(A) (1996) (emphasis added). Louisiana law also provided that oral sexual battery is "aggravated" if, among other things, "the victim is under the age of twelve years." LA. REV. STAT. § 43.4(A)(4) (1996). Further, under Louisiana law, a person is guilty of attempt if he has "specific intent to commit a crime" and "does ... an act for the purpose of and tending directly toward the accomplishing of his object". LA. REV. STAT. § 14:27(A) (1996).

The oral sexual battery statute is divisible because it sets out one or more potential offense elements in the alternative. *United States v. Curry*, 552 Fed. App'x 309, 313 (5th Cir. 2014), *cert. denied*, 134 S. Ct. 2323 (2014).[2] Accordingly, in determining whether attempted aggravated oral sexual battery qualifies as a violent felony under the force clause, this Court may employ the modified categorical approach. *See id*. *See also Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). As the Supreme Court has explained:

> [T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id*. at 2281. *See also Shepard v. United States*, 544 U.S. 13, 20-21 (2005) (distinguishing the different documents that can be used to establish the facts underlying a guilty-plea, bench-

---

[2] In Mr. Curry's direct appeal, the Fifth Circuit did not decide whether Mr. Curry's prior conviction for attempted aggravated oral sexual battery qualified under the force clause because it found that Mr. Curry could not show plain error under ACCA's residual clause. *Curry*, 552 F. App'x at 314 ("Therefore, we need not reach whether, under the first basis for a violent felony under the ACCA, attempted aggravated oral sexual battery includes physical force as a required element of the offense."). While the court did note that "it appear[ed] that Curry was charged under the compels-by-fear alternative for the oral sexual battery statute," *id.* at 313, the court acknowledged that this statement was orbiter dictum. The court expressly stated "[a]s demonstrated *infra*, we need not decide this point for purposes of our strict plain-error review. Re-stated, this point is not outcome determinative." *Id.* at 313-14. Accordingly, this dictum expressed on Mr. Curry's direct appeal does not have any binding force. *United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014) (acknowledging that the "binding force of earlier opinions [does not extend] to orbiter dictum.") (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006)).

trial, or jury-trial conviction). The Court has made clear that the key "is elements, not facts." *United States v. Hanner*, 549 Fed. App'x 289, 291 (5th Cir. 2013) (unpublished) (quoting *Descamps*, 133 S. Ct. at 2283).

Here, the bill of information demonstrates that Mr. Curry was charged under the age-difference alternative of the oral sexual battery statute. *See* ROA.282. The compels-by-fear prong of the Louisiana oral sexual battery statute applies when the offender "compels the other person to submit by placing the person in fear of receiving bodily harm." LA. REV. STAT. § 14:43.3(A) (1996). Yet, while the bill of information contains the word force, this compels-by-fear statutory language is completely absent from the bill of information. Instead, the bill of information language simply tracks the aggravated oral sexual battery statute. *See* LA. REV. STAT. § 14:43.4(A) (1996) ("without lawful consent").

Additionally, unlike a guilty-plea conviction based on the defendant's admission to the allegations contained in the charging document or factual basis, Mr. Curry's jury-trial conviction of a lesser included offense did not "necessarily" require that the jury find what the bill of information alleged. *See Shepard v. United States*, 544 U.S. 13, 24 (2005) (reaffirming the Court's precedent that required adherence to "the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary."); *Taylor v. United States*, 495 U.S. 575, 602 (1990) (holding that an "offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant"). Rather, the jury was only required to find that Mr. Curry committed or omitted "an act" for the purpose and tending directly toward the accomplishing of his object. *See*

*State v. Browhow*, 945 So. 2d 890, 893-94 (La. Ct. App. 2006) ("A conviction of an attempted offense must rest upon sufficient proof that the offender actively desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object."). An "act" is not necessarily the use, attempted use, or threatened use of physical force against the person of another, particularly given that the Louisiana attempt statute makes clear the act can be omitted or committed and that "it shall be immaterial whether, under the circumstances, [the defendant] would have actually accomplished his purpose." LA. REV. STAT. § 14:27(A) (1996).

Where, as here, it is "not apparent" that a prior conviction was necessarily for a violent felony under the ACCA, the application of the ACCA is erroneous. *Taylor*, 495 U.S. at 602. Therefore, this Court should find that Mr. Curry's attempted aggravated oral sexual battery conviction is not a violent felony. However, even if this Court finds that Mr. Curry's attempted aggravated oral sexual battery conviction does qualify as a violent felony under the ACCA force clause, he is still not an armed career criminal because he does not have the three necessary predicate convictions since his aggravated flight from an officer conviction no longer qualifies as a violent felony. Accordingly, even if Mr. Curry's attempted aggravated oral sexual battery conviction is determined to qualify as a violent felony, he is still entitled to relief pursuant to *Johnson*.

**V.   Mr. Curry is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claim under *Johnson* is cognizable, 2) *Johnson* announced a previously unavailable new rule of constitutional law that applies retroactively to cases on collateral review, and 3) it is timely.**

   **A.   Mr. Curry's claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255, a petitioner is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Curry is entitled to relief on all these grounds. In light of *Johnson*, Mr. Curry does not have three prior convictions that qualify as ACCA predicate offenses. His current ACCA sentence, therefore, exceeds the 10-year statutory maximum for a non-ACCA offense and violates due process. *See United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009) (an erroneous ACCA sentence that exceeds the statutory maximum is not only illegal, but violates due process and results in a fundamental miscarriage of justice).

Because constitutional claims are always cognizable, Mr. Curry's *Johnson* claim is cognizable.

   **B.   *Johnson* announced a previously unavailable new rule of constitutional law that applies retroactively to cases on collateral review.**

      **1.   *Johnson* announced a previously unavailable new rule of constitutional law.**

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Johnson* is new because it expressly overruled *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("Our contrary

10

holdings in *James* and *Sykes* are overruled"). Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted). Therefore, as the Supreme Court recently held in *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016), "*Johnson* announced a new rule."

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. It declared that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Id.*; *see also Welch*, 136 S. Ct. at 1261-62 ("The *Johnson* Court held the residual clause unconstitutional under the void-for-vagueness doctrine, a doctrine that is mandated by the Due Process Clauses of the Fifth Amendment (with respect to the Federal Government) and the Fourteenth Amendment (with respect to the States).").

Finally, the result in *Johnson* was not previously available to Mr. Curry. In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. 2267, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague. The vagueness challenge to the residual clause was also fully foreclosed by the Fifth Circuit's precedent. *See United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011) (holding that ACCA's residual clause was not vague); *United States v. Spann*, 562 F. App'x 237, 238 (5th Cir. 2014) (unpublished) (same); *United States v. Stanberry*, 546 F. App'x 381, 382 (5th Cir. 2013) (unpublished) (same). Until *Johnson* was decided, any successive collateral attack on this basis was foreclosed.

## 2. *Johnson* is retroactive.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States,* 735 F.3d 141, 145 (4th Cir. 2013). *Johnson* satisfies both requirements. The rule announced in *Johnson* is "new" for reasons already stated, and it is "substantive" for the reasons discussed below.

As the Supreme Court recently clarified in *Welch*, "[a] rule is substantive rather than procedural if it alters the range of conduct or class of persons that the law punishes." 136 S. Ct. at 1264-65 (quoting *Schriro*, 542 U.S. at 353). "Procedural rules, by contrast, 'regulate only the manner of determining a defendant's culpability.'" *Id.* at 1265 (citation omitted).

Under these terms, the Supreme Court in *Welch* held that the rule announced in *Johnson* is substantive. *Id.* The Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (citation omitted). The Court elaborated that "[t]he residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence." *Id.* "*Johnson* establishes, in other words, that even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause." *Id.* (citation omitted).

"By the same logic, *Johnson* is not a procedural decision because it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Id.* at 1260. *Johnson*, for example, did not "allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision[.]" *Id.* (citation omitted). Rather, unlike those "judicial procedures by which the statute is applied," *Johnson* "affected

12

the reach of the underlying statute." *Id.* "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

### 3. The Supreme Court has "made" *Johnson* retroactive to cases on collateral review.

There is no doubt that the Supreme Court "made" *Johnson* retroactive to cases on collateral review. That issue was settled by *Welch*.

### C. Mr. Curry's motion is timely under 28 U.S.C. § 2255(f)(3).

Title 28 U.S.C. § 2255(f)(3) provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Curry filed his claim within a year of that date.

## VI. The sentencing package doctrine warrants re-sentencing on all counts of conviction.

This Court should re-sentence Mr. Curry not just on the felon in possession conviction, but on all counts of conviction. When a district court vacates a sentence under 28 U.S.C. § 2255, it has "broad and flexible power . . . to fashion an appropriate remedy." *United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (internal quotation marks and citation omitted). "This broad and flexible power is derived from the equitable nature of habeas corpus relief." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (citing *United States v. Hillary*, 106 F.3d 1170, 1172) (4th Cir. 1997)); *see also United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997) ("When an appellate court subsequently reverses a conviction (or convictions) that was part of the original sentence, the district court's job

on remand is to reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal.").

Here, in determining Mr. Curry's offense level, the Presentence Report grouped all of his counts of conviction—counts one, two, three, and five—into a single group. ROA.506 (PSR, ¶ 37). As a result, the finding that Mr. Curry was an armed career criminal, impacted his offense level and ultimately his advisory guidelines imprisonment range for all counts of conviction.

As the Eleventh Circuit recently clarified, "especially in the guidelines era, sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence–the 'sentencing package–that reflects the guidelines and the relevant § 3553(a) factors. A criminal sentence in a multi-count case, is by its nature, 'a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines,' and the relevant § 3553(a) factors." *United States v. Flowers*, 749 F.3d 1010, 1015 (11th Cir. 2014). Therefore, "[t]he thinking is that when a conviction [or sentence] on one or more of the component counts is vacated . . . the district court should be free to reconstruct the sentencing package . . . to ensure, that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *Id.*

This Court should apply the sentencing package doctrine here and re-sentence Mr. Curry on all counts of conviction.

14

## CONCLUSION

For the reasons set forth above, and all others previously presented to this Court, Mr. Curry respectfully requests asks this Court to vacate his sentence on all counts and schedule a new hearing so that he can be re-sentenced without application of the ACCA.

Respectfully submitted this 2nd day of September,

CLAUDE J. KELLY
Federal Public Defender

s/Christen L. Chapman
CHRISTEN L. CHAPMAN
Assistant Federal Public Defender
500 Poydras Street
Hale Boggs Federal Building, Room 318
New Orleans, Louisiana 70130
La. Bar No. 33770
(504) 589-7930

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: above-listed defendant.

                                                s/Christen L. Chapman
                                                CHRISTEN L. CHAPMAN
                                                Assistant Federal Public Defender