UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                        CRIMINAL ACTION

VERSUS                                                     NO. 10-111

LLOYD CURRY                                              SECTION "R"

                         **ORDER AND REASONS**

Before the Court is Defendant Lloyd Curry's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court grants the motion.

I.  **BACKGROUND**

On February 23, 2011, Defendant Lloyd Curry pleaded guilty to three counts of distribution of heroin and one count of possession of a firearm by a convicted felon.[2] On May 2, 2012, the Court sentenced Curry to 336 months imprisonment.[3] This sentence reflects 240 months on each of the heroin distribution counts and 336 months on the firearm possession count, all terms to be served concurrently.[4]

---

1   R. Doc. 104.
2   R. Doc. 11; R. Doc. 37; R. Doc. 70 at 1.
3   R. Doc. 70 at 2.
4   *Id.*

At Curry's sentencing hearing, the Court determined that he qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) because of his prior convictions for attempted aggravated oral sexual battery, attempted possession with the intent to distribute marijuana, and aggravated flight from an officer.[5] As a result, Curry was subject to a minimum term of imprisonment of 15 years on the firearm possession count and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(e)(1); *United States v. Curry*, 552 F. App'x 309, 311 (2014). Curry's sentence under the ACCA was affirmed on appeal. *Id.* at 315. Several years after Curry's sentencing, the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony" is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

On March 30, 2015, Curry moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[6] Curry argues that, in light of *Johnson*, he no longer has the three predicate convictions necessary to qualify as an armed career criminal.[7] On December 10, 2015, the Court denied Curry's § 2255 motion on the grounds that *Johnson* did not apply retroactively on

---

[5] R. Doc. 93 at 5-6.
[6] R. Doc. 104.
[7] R. Doc. 153 at 1.

collateral review.[8]  In 2016, the Supreme Court held that *Johnson* has retroactive effect in cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  The Fifth Circuit vacated the Court's denial of Curry's § 2255 motion and remanded with instructions to consider the merits of his *Johnson* claim.[9]

## II. DISCUSSION

A federal prisoner may move to vacate, set aside, or correct their sentence if, among other grounds, the "sentence was imposed in violation of the Constitution or laws of the United States" or "the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  If a court finds that "the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him."  28 U.S.C. § 2255(b).

Here, Curry argues that he was improperly sentenced as an armed career criminal and that his resulting sentence for unlawful firearm

---

8      R. Doc. 132 at 11.
9      R. Doc. 158.

possession exceeds the statutory maximum and violates due process of law.[10]

To qualify as an armed career criminal under the ACCA, a defendant must have three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines violent felony as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The Supreme Court in *Johnson* invalidated the portion of this definition that states: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2556-57. The *Johnson* Court held that this residual clause is impermissibly vague in violation of the Due Process Clause of the Fifth Amendment. *Id.* In *Welch*, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively on collateral review. 136 S.Ct. at 1264-65.

In its order remanding this matter, the Fifth Circuit held that Curry's Louisiana conviction for aggravated flight from an officer no longer qualifies

---

[10] R. Doc. 153 at 1.

as a predicate offense under the ACCA after *Johnson*.[11]  This state offense qualified as a violent felony only under the now-invalid residual clause. *See* La. R.S. § 14:108.1(C). Curry therefore lacks the three predicate offenses necessary to qualify as an armed career criminal.

In light of the Fifth Circuit's ruling, the Government concedes that Curry is not an armed career criminal under the ACCA and should be resentenced.[12] Without the ACCA enhancement, Curry's 336 month sentence for being a felon in possession of a firearm exceeds the statutory maximum of 10 years imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Accordingly, the Court finds that Curry's sentence is unlawful and grants his motion to vacate. *See* 28 U.S.C. § 2555(b).

Curry requests that he be resentenced on all counts of conviction because his drug and firearm counts form part of the same sentencing package.[13] Curry's counts of conviction were grouped together to determine his offense level under the sentencing guidelines, and the Court imposed concurrent sentences on all counts.[14] *Cf. United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016) (noting that consecutive sentence was not part of

---

11   R. Doc. 158 at 4.
12   R. Doc. 159.
13   R. Doc. 153 at 13-14.
14   R. Doc. 68 at 10; R. Doc. 70 at 2.

5

sentencing package). The Court finds that Curry's sentences form part of an integrated sentencing package and will resentence him on all counts. *See United States v. Bass*, 104 F. App'x 997, 1000 (5th Cir. 2004); *see also* U.S.S.G. § 5G1.2(b).

## III. CONCLUSION

For the foregoing reasons, Curry's motion is GRANTED. The Court will resentence Curry on all counts of conviction on May 2, 2018 at 9:30 a.m.

New Orleans, Louisiana, this __10th__ day of April, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE