UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-111 |
| LLOYD E. CURRY, SR. | SECTION "R" (1) |

## ORDER AND REASONS

Defendant Lloyd Curry's motion for compassionate release is before the Court.[1] The Government opposes the motion.[2] Because Curry fails to demonstrate "extraordinary and compelling reasons" meriting compassionate release, the Court denies the motion.

## I. BACKGROUND

On September 10, 2009, Curry sold 1.2 grams of heroin to a confidential informant.[3] Just over a week later, on September 18, 2009, Curry sold 3.36 grams of heroin to the same confidential source.[4] Again on October 2, 2009, Curry sold 2.36 grams of heroin to the same informant.[5]

---

[1] R. Doc. 221.
[2] R. Doc. 226.
[3] *See* R. Doc. 39 at 1.
[4] *Id*. at 2.
[5] *Id*.

According to the factual basis Curry signed, he made $50,000 in 2009 from his heroin sales.[6]

The FBI arrested Curry on April 14, 2010.[7] Following the arrest, FBI agents searched Curry's vehicle, where agents found a .40 caliber semi-automatic pistol, which was reported stolen in March 2008.[8] Curry pleaded guilty to distributing heroin and to possessing a firearm as a convicted felon,[9] and this Court sentenced him to 220 months' imprisonment, to be followed by three years of supervised release.[10] Curry is currently incarcerated at Yazoo City Medium FCI and has a projected release date of January 18, 2026.[11]

## II. DISCUSSION

### A. Exhaustion

Before a federal court will assess the merits of a compassionate release request, defendants must show they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[6] *Id.* at 3.
[7] *Id.*
[8] *Id.*
[9] *See* R. Doc. 202.
[10] *Id.* at 2-3.
[11] *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited July 20, 2020).

defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).

Curry, proceeding *pro se*, claims to have taken the latter route, sending a request for compassionate release to the warden of Yazoo City "on or about April 30, 2020."[12]  The Government, unable to confirm that Curry sent the request, assumes for the purposes of this case that Curry satisfied the exhaustion requirement.[13] Because courts construe *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and because the Government does not contest exhaustion, the Court proceeds to the merits of Curry's claim.

## B.    Extraordinary Circumstances

Courts grant compassionate release only when (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  Curry fails to satisfy either of these requirements.

---

[12]     R. Doc. 221 at 3.
[13]     R. Doc. 226 at 1.

Defendant relies primarily upon his medical conditions to assert that there are "extraordinary and compelling reasons" meriting compassionate release. To be sure, two categories of medical conditions could satisfy this standard. Those include (1) "terminal illness[es]" and (2) serious physical or mental conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13, application note 1.

Curry asserts that he suffers from "[h]ypertension [e]xcruciating sever[e] [a]sthma, [h]igh [c]holesterol, and PTSD."[14] The medical records do not reflect that Curry has hypertension.[15] Curry has asthma, for which he has been prescribed an albuterol inhaler,[16] but the records do not characterize his condition as "severe." Even assuming Curry is afflicted with the above conditions, none places him on an "end of life" trajectory; nor do these conditions "substantially diminish[] [his ability] to provide self-care within the environment of a correctional facility" as the Guidelines provide. U.S.S.G. § 1B1.13, application note 1(A).

---

14     R. Doc. 221 at 2.
15     R. Doc. 226 at 10.
16     *Id.*

4

Curry speculates that, were he infected with COVID-19, his body would not be able to handle the virus.[17] There is only one positive COVID-19 case among the inmate population in Yazoo City Medium FCI.[18] Moreover, in accordance with BOP's policy, "[i]nmates exhibiting signs or symptoms of COVID-19 are placed in isolation,"[19] and exposed staff "wear a mask for 14 days after last exposure [and must] perform regular self-monitoring for symptoms, practice social distancing and . . . disinfect and clean their work spaces."[20]

At the heart of Curry's request is a generalized fear of COVID-19. He argues that if, "hypothetically," were he to contract the virus, he would be "finished."[21] A generalized fear of the virus, by itself, does not justify release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 5:13-cv-2, 2020 WL 2754914, at *2 (S.D.

---

[17] R. Doc. 221 at 2.
[18] Federal Bureau of Prisons, *COVID-19 Cases,* at 2 https://www.bop.gov/coronavirus/ (last visited July 20, 2020).
[19] Federal Bureau of Prisons*, Correcting Myths and Misinformation About BOP and COVID-19*, https://www.bop.gov/coronavirus/docs/correcting_myths_and_misinformation_bop_covid19.pdf (last visited July 20, 2020).
[20] *Id.* at 3.
[21] R. Doc. 221 at 2-3.

5

Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release.").

If a defendant's medical conditions do not establish the requisite "extraordinary and compelling reasons," there remain additional considerations that could meet this standard. Specifically, courts may consider a defendant's (b) "[a]ge"—starting at age 65, (c) "[f]amily [c]ircumstances," having to do with a sudden increase in the defendant's caregiving responsibilities, and (d) "other reasons," an open category that can only be defined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13, application note 1. These alternative grounds, however, do not apply to Curry. He is 40 years old;[22] he has not claimed to have incurred an increase in caregiving responsibilities; nor has BOP set out "other reasons" that are applicable to his case.

Finally, when determining whether to grant compassionate release under 18 U.S.C. § 3582(a)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(a)(1)(A). Those factors, specifically "need for the sentence imposed . . . to reflect the seriousness of the offense," and the need "to protect the public," militate against Curry's compassionate release. Curry is convicted of serious drug and firearm

---

[22]   R. Doc. 162 at 3.

6

offenses. He has served only 120 months of a 220-month term of imprisonment. The Court finds that Curry's sentence would not "reflect the seriousness of the offense" were he released after serving only fifty-four percent of his term of incarceration. Further, the nature of the offenses and defendant's criminal history indicate a need to protect the public from future crimes by Curry which would not be served by compassionate release.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this \_\_22nd\_\_ day of July, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE