UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-111 |
| LLOYD E. CURRY, SR. | SECTION "R" |

**ORDER AND REASONS**

Before the Court is defendant Lloyd Curry's motion to correct an illegal sentence,[1] supplemental motion to correct an illegal sentence,[2] and motion to amend the motion to correct an illegal sentence.[3]

I. **BACKGROUND**

On September 10, 2009, Curry sold 1.2 grams of heroin to a confidential informant.[4] Just over a week later, on September 18, 2009, Curry sold 3.36 grams of heroin to the same confidential source.[5] Again on October 2, 2009, Curry sold 2.36 grams of heroin to the same informant.[6]

---

[1] R. Doc. 233.
[2] R. Doc. 236.
[3] R. Doc. 240. This motion was not set for submission, and there is no Government response filed in the record. The Government filed objections to the two other motions. R. Docs. 235 & 238.
[4] See R. Doc. 39 at 1.
[5] Id. at 2.
[6] Id.

According to the factual basis Curry signed, he made $50,000 in 2009 from his heroin sales.[7]

The Federal Bureau of Investigation ("FBI") arrested Curry on April 14, 2010.[8] Following the arrest, FBI agents searched Curry's vehicle, where they found a .40 caliber semi-automatic pistol, which was reported stolen in March 2008.[9] Curry pleaded guilty to three counts of distribution of heroin and one count of possession of a firearm by a convicted felon.[10] On May 2, 2012, the Court sentenced Curry to 336 months' imprisonment, reflecting 240 months on each of the heroin distribution counts and 336 months on the firearm possession count, all terms to be served concurrently. At the sentencing hearing, the Court determined that Curry qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) because of his prior convictions for attempted aggravated oral sexual battery, attempted possession with the intent to distribute marijuana, and aggravated flight from an officer.[11] As a result, Curry was subject to a minimum term of imprisonment of fifteen years on the firearm possession count and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(e)(1); *United*

---

[7]     *Id.* at 3.
[8]     *Id.*
[9]     *Id.*
[10]    *See* R. Doc. 202.
[11]    R. Doc. 93 at 5-6.

*States v. Curry*, 552 F. App'x 309, 311 (2014).  Curry's sentence under the ACCA was affirmed on appeal.  *Curry*, 552 F. App'x at 315.  Several years after Curry's sentencing, the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony" is unconstitutionally vague.  *See Johnson v. United States*, 576 U.S. 591, 595-97 (2015).

On March 30, 2015, Curry moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[12]  Curry argued that, in light of *Johnson v. United States*, he no longer has the three predicate convictions necessary to qualify as an armed career criminal.[13]  On December 10, 2015, the Court denied Curry's § 2255 motion on the grounds that *Johnson* did not apply retroactively on collateral review.[14]  In 2016, the Supreme Court held that *Johnson* has retroactive effect in cases on collateral review.  *See Welch v. United States*, 578 U.S. 120, 129-30 (2016).  In an order remanding this matter, the Fifth Circuit held that Curry's Louisiana conviction for aggravated flight from an officer no longer qualifies as a predicate offense under the ACCA after *Johnson*.[15]  *United States v. Curry*, 667 F. App'x 842, 843 (5th Cir. 2016) (per curiam).  Ultimately, this Court granted Curry's

---

12      R. Doc. 104.
13      R. Doc. 153 at 1.
14      R. Doc. 132 at 11.
15      R. Doc. 158.

§ 2255 motion,[16] and resentenced him on August 8, 2018, to a term of 220 months' imprisonment, to be followed by three years of supervised release.[17] At sentencing, Curry received a career offender sentencing enhancement under Section 4B1.1(a) of the Sentencing Guidelines because he had at least two prior felony convictions for either crimes of violence or controlled substance offenses, including his state convictions for attempted aggravated oral sexual battery and attempted possession with intent to distribute marijuana.[18]  *See* U.S.S.G. § 4B1.1(a).  Curry is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, and has a projected release date of February 14, 2026.[19]

Curry now moves to correct an illegal sentence, arguing that his previous state conviction for attempted possession with intent to distribute marijuana should be expunged because crimes of attempt cannot be predicate offenses for the career offender sentence, U.S.S.G. § 4B1.1.[20] Curry further argues that the conviction should be expunged because the United

---

[16]  R. Doc. 184 at 6.
[17]  R. Doc. 202 at 2.
[18]  R. Doc. 190 at 10 [SEALED].
[19]  *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited September 19, 2023).
[20]  R. Doc. 233.  Curry also argues that the attempted possession with intent to distribute marijuana conviction is not a predicate offense under the ACCA.  *Id.*  This Court previously found that the ACCA does not apply to Curry's sentence, R. Doc. 184, so this argument is moot.

4

States House of Representatives passed legislation in April 2022 to legalize marijuana nationally.[21]

Curry then filed a supplemental motion to correct an illegal sentence.[22] In addition to reiterating the arguments discussed above, Curry argues for the first time that his sentence is invalid following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[23] He contends that the attempted possession with intent to distribute marijuana conviction, for which he received seven months' imprisonment, does not constitute a felony, and therefore the Government failed to prove that Curry knew he was a felon as required under *Rehaif*.[24] Curry also filed a motion to amend his motion to correct an illegal sentence,[25] in which he asserts that his state conviction for attempted possession with intent to distribute marijuana does not constitute a felony and should not have been used for enhancement purposes under the career offender guideline, U.S.S.G. § 4B1.1.[26]

In opposition, the Government contends that Curry's motions should be construed under 28 U.S.C. § 2255, and that the Court should issue a

---

[21]  R. Doc. 233.
[22]  R. Doc. 236.
[23]  *Id.*
[24]  *Id.*
[25]  R. Doc. 240.  This filing is duplicative of a reply brief Curry submitted for the second, supplemental motion.  R. Doc. 239.
[26]  R. Doc. 240.

5

warning about second and successive § 2255 motions pursuant to *Castro v. United States*, 540 U.S. 375 (2003).[27] Alternatively, the Government argues that Curry's § 2255 motions are untimely, procedurally defaulted, barred by the collateral review waiver in his plea agreement, and meritless.[28]

The Court considers the parties' arguments below.

## II.  LAW AND DISCUSSION

Curry styles his motion as one to correct an illegal sentence under Federal Rule of Criminal Procedure 35.  This Rule provides that a court may correct a sentence within fourteen days after sentencing if the sentence resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Because Curry's motion to correct an illegal sentence was filed more than three and a half years after the 2018 resentencing, the motion is untimely under Rule 35.

Despite Curry's procedural error, the Court may construe his motion as one arising under 28 U.S.C. § 2255.  *See Castro*, 540 U.S. at 381-82 ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within

---

[27]   R. Doc. 235 at 3-4; R. Doc. 238 at 1-2.
[28]   R. Doc. 235 at 4-11; R. Doc. 238 at 2.

a different legal category. . . . They may do so in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."); *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) (recognizing that a district court may construe a styled Rule 35 pleading as a request for relief under § 2255 when it is filed outside of the Rule 35 time restrictions). "Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). The Fifth Circuit has noted that courts often "look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255." *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). "Ultimately, it is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (quoting *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam) (internal quotation marks omitted)). Curry alleges in his motion that the Court illegally enhanced his sentence based on his state conviction for attempted possession with intent to distribute marijuana. When, as here, a post-conviction motion substantively challenges the legality of the

7

defendant's conviction or sentence, the Court may liberally construe it as a § 2255 motion. *See id.*; *Santora*, 711 F.2d at 42.

The Supreme Court in *Castro*, 540 U.S. at 383, held that before construing a *pro se* litigant's motion as a § 2255 motion, a court must warn the litigant of its consequences and give him an opportunity to withdraw the motion. Pursuant to *Castro*, Curry is hereby notified that the Court intends to recharacterize his motion under § 2255. This recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.[29] 28 U.S.C. § 2255(h). The Court therefore grants Curry leave either to withdraw his motion or to amend it so that it contains all of the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383. Should Curry proceed with his § 2255 motion, any claims asserted therein

---

[29]  Although Curry previously filed a § 2255 motion, and courts ordinarily lack jurisdiction to consider second and successive filings, the instant motion is not second and successive because it is the first to follow Curry's 2018 resentencing and judgment. *See In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) ("[W]here the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not second or successive' within the meaning of the statute." (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)); *cf. In re Parker*, 575 F. App'x 415, 419 (5th Cir. 2014) (holding that § 2255 motion was second and successive when filed after amended judgment because "[t]he amended judgment is not the result of a new proceeding or resentencing, and the amended judgment had no effect on the overall length of [defendant's sentence]").

must relate back to his original motion to correct an illegal sentence, filed on April 21, 2022. *See United States v. Cardenas*, 13 F.4th 380, 385-86 (5th Cir. 2021) ("When a district court recharacterizes a filing as a § 2255 motion, the movant must have the opportunity to amend his now-recharacterized motion to include any claims that relate back to the original pleading under Rule 15(c)." (citations omitted)).

### III.  CONCLUSION

For the foregoing reasons, the Court recharacterizes Curry's motion as a collateral attack of his conviction and sentence under 28 U.S.C. § 2255. Curry has 60 days from the date of this Order either to withdraw his motion or to amend it to include all of the § 2255 claims he wishes to include. If Curry wishes to proceed with the arguments raised in his supplemental motion to correct an illegal sentence[30] and motion to amend the motion to correct an illegal sentence,[31] in addition to the arguments raised in his original motion to correct an illegal sentence,[32] he must consolidate these claims in the amended § 2255 motion.

---

[30]  R. Doc. 236.
[31]  R. Doc. 240.
[32]  R. Doc. 233.

It is further ordered that the Clerk's Office send Curry all forms necessary to file an application for writ of habeas corpus under 28 U.S.C. § 2255.

New Orleans, Louisiana, this __22nd__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE