UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-111 |
| LLOYD E. CURRY, SR. | SECTION "R" |

**ORDER**

Before the Court is defendant Lloyd Curry's motion to correct an illegal sentence,[1] supplemental motion to correct an illegal sentence,[2] and motion to amend the motion to correct an illegal sentence.[3] For the following reasons, and in accordance with the Court's order dated September 22, 2023, the Court recharacterizes Curry's motions under 28 U.S.C. § 2255.

**I.   BACKGROUND**

On September 10, 2009, Curry sold 1.2 grams of heroin to a confidential informant.[4] Just over a week later, on September 18, 2009,

---

[1]   R. Doc. 233.
[2]   R. Doc. 236.
[3]   R. Doc. 240.  This motion was not set for submission, and there is no Government response filed in the record.  The Government filed objections to the two other motions.  R. Docs. 235 & 238.
[4]   *See* R. Doc. 39 at 1.

Curry sold 3.36 grams of heroin to the same confidential source.[5]  Again on October 2, 2009, Curry sold 2.36 grams of heroin to the same informant.[6] According to the factual basis Curry signed, he made $50,000 in 2009 from his heroin sales.[7]

The Federal Bureau of Investigation ("FBI") arrested Curry on April 14, 2010.[8]  Following the arrest, FBI agents searched Curry's vehicle, where they found a .40 caliber semi-automatic pistol, which was reported stolen in March 2008.[9]  Curry pleaded guilty to three counts of distribution of heroin and one count of possession of a firearm by a convicted felon.[10]  On May 2, 2012, the Court sentenced Curry to 336 months' imprisonment, reflecting 240 months on each of the heroin distribution counts and 336 months on the firearm possession count, all terms to be served concurrently.  At the sentencing hearing, the Court determined that Curry qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) because of his prior convictions for attempted aggravated oral sexual battery, attempted possession with the intent to distribute marijuana, and aggravated flight

---

[5]  *Id.* at 2.
[6]  *Id.*
[7]  *Id.* at 3.
[8]  *Id.*
[9]  *Id.*
[10]  *See* R. Doc. 202.

from an officer.[11] As a result, Curry was subject to a minimum term of imprisonment of fifteen years on the firearm possession count and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(e)(1); *United States v. Curry*, 552 F. App'x 309, 311 (2014). Curry's sentence under the ACCA was affirmed on appeal. *Curry*, 552 F. App'x at 315. Several years after Curry's sentencing, the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony" is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 595-97 (2015).

Curry subsequently moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[12] Curry argued that, in light of *Johnson v. United States*, he no longer has the three predicate convictions necessary to qualify as an armed career criminal.[13] On December 10, 2015, the Court denied Curry's § 2255 motion on the grounds that *Johnson* did not apply retroactively on collateral review.[14] In 2016, the Supreme Court held that *Johnson* has retroactive effect in cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 129-30 (2016). In an order remanding this matter, the Fifth Circuit held that Curry's Louisiana conviction for

---

11   R. Doc. 93 at 5-6.
12   R. Doc. 104.
13   R. Doc. 153 at 1.
14   R. Doc. 132 at 11.

3

aggravated flight from an officer no longer qualifies as a predicate offense under the ACCA after *Johnson*.[15]  *United States v. Curry*, 667 F. App'x 842, 843 (5th Cir. 2016) (per curiam).  Ultimately, this Court granted Curry's § 2255 motion,[16] and resentenced him on August 8, 2018, to a term of 220 months' imprisonment, to be followed by three years of supervised release.[17] At sentencing, Curry received a career offender sentencing enhancement under Section 4B1.1(a) of the Sentencing Guidelines because he had at least two prior felony convictions for either crimes of violence or controlled substance offenses, including his state convictions for attempted aggravated oral sexual battery and attempted possession with intent to distribute marijuana.[18]  *See* U.S.S.G. § 4B1.1(a).  Curry is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, and has a projected release date of February 14, 2026.[19]

On April 21, 2022, Curry filed his first motion to correct an illegal sentence.[20]  Curry argues that his previous state conviction for attempted possession with intent to distribute marijuana is not a predicate offense for

---

[15]  R. Doc. 158.
[16]  R. Doc. 184 at 6.
[17]  R. Doc. 202 at 2.
[18]  R. Doc. 190 at 10 [SEALED].
[19]  *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited September 19, 2023).
[20]  R. Doc. 233.

4

the purposes of determining his career offender status under U.S.S.G. § 4B1.1 because it is a crime of attempt and does not constitute a crime of violence.[21] Curry further argues that the conviction should be expunged because the United States House of Representatives passed legislation in April 2022 to legalize marijuana nationally.[22]

Curry then filed a supplemental motion to correct an illegal sentence, in which he argues that his sentence is invalid following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[23] Curry contends that his state conviction for attempted possession with intent to distribute marijuana, for which he received seven months' imprisonment, does not constitute a felony, and therefore the Government failed to prove that Curry knew he was a felon as required under *Rehaif*.[24] Curry also filed a motion to amend his motion to correct an illegal sentence,[25] in which he asserts that because the conviction does not constitute a felony, it should not have been

---

[21] *Id.* Curry also argues that the attempted possession with intent to distribute marijuana conviction is not a predicate offense under the ACCA. *Id.* This Court previously found that the ACCA does not apply to Curry's sentence, R. Doc. 184, so this argument is moot.
[22] R. Doc. 233.
[23] R. Doc. 236.
[24] *Id.*
[25] R. Doc. 240. This filing is duplicative of a reply brief Curry submitted for the second, supplemental motion. R. Doc. 239.

used for enhancement purposes under the career offender guideline, U.S.S.G. § 4B1.1.[26]

In an order entered on September 22, 2023, the Court advised Curry, as required by *Castro v. United States*, 540 U.S. 375 (2003), that the relief he sought through his motions was appropriate only under the remedy provided by 28 U.S.C. § 2255, and that it was the Court's intention to recharacterize his motions accordingly.[27] As also required by *Castro*, the Court warned Curry of the consequences of the recharacterization, including the restrictions on filing successive § 2255 motions. The Court gave Curry sixty days to either withdraw his motion to avoid recharacterization or amend his motion to correct an illegal sentence to assert any additional

---

[26] R. Doc. 240.

[27] R. Doc. 241. Although Curry previously filed a § 2255 motion, and courts ordinarily lack jurisdiction to consider second and successive filings, the instant motion is not second and successive because it is the first to follow Curry's 2018 resentencing and judgment. See *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) ("[W]here the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not second or successive' within the meaning of the statute." (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)); *cf. In re Parker*, 575 F. App'x 415, 419 (5th Cir. 2014) (holding that § 2255 motion was second and successive when filed after amended judgment because "[t]he amended judgment is not the result of a new proceeding or resentencing, and the amended judgment had no effect on the overall length of [defendant's sentence]").

claims challenging his conviction and sentence under § 2255.[28]  The Court further instructed Curry that should he wish to proceed with the arguments raised in his supplemental motion to correct an illegal sentence[29] and motion to amend the motion to correct an illegal sentence,[30] in addition to the arguments raised in his original motion to correct an illegal sentence,[31] he must consolidate these claims in the amended § 2255 motion.  The Clerk's Office sent Curry all forms necessary to file an application for writ of habeas corpus under 28 U.S.C. § 2255.

On December 4, 2023, Curry filed a response to the Court's *Castro* order.[32]  In his filing, Curry reasserts many of the same arguments for relief that he previously raised.[33]  Curry also argues that his state conviction for attempted possession with intent to distribute marijuana did not involve "distribution" as required for an enhancement based on a controlled substance offense, and that his conviction for attempted aggravated oral sexual battery should not have be used for enhancement purposes because it has been ruled unconstitutional by the Supreme Court.[34]

---

[28]   R. Doc. 241.
[29]   R. Doc. 236.
[30]   R. Doc. 240.
[31]   R. Doc. 233.
[32]   R. Doc. 242.
[33]   *Id.*
[34]   *Id.*

## II. DISCUSSION

Although Curry did not specifically respond to the choices provided to him in the Court's *Castro* order, his response sufficiently evidences his intent to proceed with his claims for relief. Curry neither withdrew his motion to correct an illegal sentence nor objected to the Court's recharacterization of his motions under 28 U.S.C. § 2255. Accordingly, the Court will recharacterize Curry's filings as a motion under 28 U.S.C. § 2255. The Court will consider as raised under § 2255 only those claims presented in Curry's original motion to correct an illegal sentence,[35] supplemental motion to correct an illegal sentence,[36] motion to amend the motion to correct an illegal sentence,[37] and response to the Court's *Castro* order.[38]

The Government must respond to the motion by January 24, 2024. The Government's response must address each claim presented by Curry in what the Court has construed as a § 2255 motion. In filing its response, the Government shall identify and produce all documents and court records relevant to the issues pending here. In addition, if the Government contends

---

[35] R. Doc. 233.
[36] R. Doc. 236.
[37] R. Doc. 240.
[38] R. Doc. 242.

that this Court is barred from reviewing Curry's claims due to a failure to properly preserve them,[39] the Government shall identify the defaulted claim(s) and provide a factual and legal basis for the procedural default argument. Moreover, if the Government raises the statute of limitations, as it argued in response to Curry's motions,[40] the Government must address the portion of 28 U.S.C. § 2255 that provides for a one-year period of limitation applicable to a motion under this section. *See* 28 U.S.C. § 2255(f). The Government's response must contain a detailed procedural history, all relevant records, and citations to applicable case law from which the Court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255.

---

[39]     R. Doc. 235 at 7-9; R. Doc. 238 at 2.
[40]     R. Doc. 235 at 4-7; R. Doc. 238 at 2.

## III. CONCLUSION

For the foregoing reasons, the Court recharacterizes Curry's motions as a collateral attack of his conviction and sentence under 28 U.S.C. § 2255. Curry's motion is limited to only those claims raised in his original motion to correct an illegal sentence,[41] supplemental motion to correct an illegal sentence,[42] motion to amend the motion to correct an illegal sentence,[43] and response to the Court's *Castro* order.[44] The Government is ordered to file its response to the § 2255 motion by **January 24, 2024**. Thereafter, the Court will take the motion under submission.

New Orleans, Louisiana, this __20th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[41]    R. Doc. 233.
[42]    R. Doc. 236.
[43]    R. Doc. 240.
[44]    R. Doc. 242.