UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-111 |
| LLOYD CURRY | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Lloyd Curry's opposed[1] motion for compassionate release.[2] Because Curry has not exhausted his administrative remedies, the Court denies Curry's motion for compassionate release.

## I.   BACKGROUND

On February 23, 2011, Lloyd Curry pleaded guilty to three counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).[3] At Curry's sentencing hearing, the Court determined that he qualified as an armed career criminal under the Armed Career Criminal Act

---

[1]   R. Doc. 249.
[2]   R. Doc. 244.
[3]   R. Docs. 39 & 40.

("ACCA") and sentenced Curry to 336 months' imprisonment for the felon-in-possession charge and 240 months on each heroin distribution count to be served concurrently.[4]

After the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony" is unconstitutionally vague, *Johnson v. United States*, 576 U.S. 591, 595-97 (2015), Curry moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he no longer had the three predicate convictions necessary to qualify as an armed career criminal.[5] On December 10, 2015, the Court denied Curry's Section 2255 motion on the grounds that *Johnson* did not apply retroactively on collateral review.[6] In 2016, the Supreme Court held that *Johnson* has retroactive effect in cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 129-30 (2016). Following a remand from the Fifth Circuit,[7] the Court resentenced Curry on August 8, 2018, to a term of 220 months' imprisonment, to be followed by three years of supervised release.[8]

---

4   R. Doc. 70.
5   R. Doc. 104.
6   R. Doc. 132 at 11.
7   R. Doc. 158.
8   R. Doc. 202.

On April 21, 2022, Curry filed another motion to correct an illegal sentence,[9] which he subsequently followed with a supplemental motion to correct an illegal sentence[10] and a motion to amend his motion to correct an illegal sentence.[11] After advising Curry of its intent and warning him of the consequences, as required by *Castro v. United States*, 540 U.S. 375 (2003),[12] the Court recharacterized Curry's filings on December 20, 2023, as a motion under 28 U.S.C. § 2255.[13] On January 2, 2024, Curry moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in order to support his younger siblings.[14]

The Court considers Curry's motion to reduce his sentence below.

## II. LAW AND ANALYSIS

As a threshold matter, the Court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the

---

[9]  R. Doc. 233.
[10] R. Doc. 236.
[11] R. Doc. 240.
[12] R. Doc. 241.
[13] R. Doc. 243.
[14] R. Doc. 244.

receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Curry has not satisfied the exhaustion requirement for compassionate release. Curry has made no showing that that he fully exhausted all administrative rights or that 30 days have elapsed since the warden of his facility received his request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Because Curry has not demonstrated that he submitted a request to the Bureau of Prisons to bring a motion on his behalf, the Court is required to deny his motion for compassionate release. *United States v. Franco*, 973 F.3d 465, 46 (5th Cir. 2020) (holding that administrative exhaustion in the Section 3582 context is non-jurisdictional, but mandatory). The Court therefore does not consider whether Curry has shown extraordinary and compelling reasons or whether the sentencing factors favor compassionate release. *See Franco*, 973 F.3d at 468 ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in federal courts.").

## III. CONCLUSION

The Court DENIES WITHOUT PREJUDICE defendant's motion for compassionate release.

New Orleans, Louisiana, this __5th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE