UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-111 |
| LLOYD E. CURRY, SR. | SECTION "R" |

## ORDER AND REASONS

Defendant Lloyd Curry moves *pro se* to correct an illegal sentence,[1] to supplement his motion to correct an illegal sentence,[2] and to amend the motion to correct an illegal sentence.[3] After advising Curry of its intention to do so,[4] as required by *Castro v. United States*, 540 U.S. 375 (2003), the Court recharacterized Curry's motions as a collateral attack on his conviction under 28 U.S.C. § 2255.[5] The government opposes the motion.[6] For the following reasons, the Court denies defendant's motion.

---

[1]   R. Doc. 233.
[2]   R. Doc. 236.
[3]   R. Doc. 240.
[4]   R. Doc. 241.
[5]   R. Doc. 243.
[6]   R. Doc. 245.

I.   **BACKGROUND**

On September 10, 2009, Curry sold 1.2 grams of heroin to a confidential informant.[7] Just over a week later, on September 18, 2009, Curry sold 3.36 grams of heroin to the same confidential source.[8] Again on October 2, 2009, Curry sold 2.36 grams of heroin to the same informant.[9] According to the factual basis Curry signed, he made $50,000 in 2009 from his heroin sales.[10]

The Federal Bureau of Investigation ("FBI") arrested Curry on April 14, 2010.[11] Following the arrest, FBI agents searched Curry's vehicle, where they found a .40 caliber semi-automatic pistol, which was reported stolen in March 2008.[12] Curry pleaded guilty to three counts of distribution of heroin and one count of possession of a firearm by a convicted felon.[13] On May 2, 2012, the Court sentenced Curry to 336 months' imprisonment, reflecting 240 months on each of the heroin distribution counts and 336 months on the firearm possession count, all terms to be served concurrently. At the sentencing hearing, the Court determined that Curry qualified as an armed

---

[7]   *See* R. Doc. 39 at 1.
[8]   *Id.* at 2.
[9]   *Id.*
[10]  *Id.* at 3.
[11]  *Id.*
[12]  *Id.*
[13]  *See* R. Doc. 202.

career criminal under the Armed Career Criminal Act (ACCA) because of his prior convictions for attempted aggravated oral sexual battery, attempted possession with the intent to distribute marijuana, and aggravated flight from an officer.[14] As a result, Curry was subject to a minimum term of imprisonment of fifteen years on the firearm possession count and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(e)(1); *United States v. Curry*, 552 F. App'x 309, 311 (2014). Curry's sentence under the ACCA was affirmed on appeal. *Curry*, 552 F. App'x at 315. Several years after Curry's sentencing, the Supreme Court held that the "residual clause" of the ACCA's definition of "violent felony" is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 595-97 (2015).

Curry then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[15] Curry argued that, in light of *Johnson v. United States*, he no longer has the three predicate convictions necessary to qualify as an armed career criminal.[16] On December 10, 2015, the Court denied Curry's § 2255 motion on the grounds that *Johnson* did not apply retroactively on collateral review.[17] In 2016, the Supreme Court held that *Johnson* has

---

[14]   R. Doc. 93 at 5-6.
[15]   R. Doc. 104.
[16]   R. Doc. 153 at 1.
[17]   R. Doc. 132 at 11.

3

retroactive effect in cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 129-30 (2016). In an order remanding this matter, the Fifth Circuit held that Curry's Louisiana conviction for aggravated flight from an officer no longer qualifies as a predicate offense under the ACCA after *Johnson*.[18] *United States v. Curry*, 667 F. App'x 842, 843 (5th Cir. 2016) (per curiam). This Court then granted Curry's § 2255 motion,[19] and resentenced him on August 8, 2018, to a term of 220 months' imprisonment, to be followed by three years of supervised release.[20] At sentencing, Curry received a career offender sentencing enhancement under Section 4B1.1(a) of the Sentencing Guidelines because he had at least two prior felony convictions for either crimes of violence or controlled substance offenses, including his state convictions for attempted aggravated oral sexual battery and attempted possession with intent to distribute marijuana.[21] *See* U.S.S.G. § 4B1.1(a). Curry is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, and has a projected release date of February 14, 2025.[22]

---

[18]   R. Doc. 158.
[19]   R. Doc. 184 at 6.
[20]   R. Doc. 202 at 2.
[21]   R. Doc. 190 at 10 [SEALED].
[22]   *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited August 21, 2024).

On April 21, 2022, Curry filed his first motion to correct an illegal sentence.[23] Curry argues that his previous state conviction for attempted possession with intent to distribute marijuana is not a predicate offense for the purposes of determining his career offender status under U.S.S.G. § 4B1.1, because it is a crime of attempt and does not constitute a crime of violence.[24] Curry further argues that the conviction should be expunged because the United States House of Representatives passed legislation in April 2022 to legalize marijuana nationally.[25]

Curry then filed a supplemental motion to correct an illegal sentence, in which he argues that his sentence is invalid following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[26] Curry contends that his state conviction for attempted possession with intent to distribute marijuana, for which he received seven months' imprisonment, does not constitute a felony, and therefore the Government failed to prove that Curry knew he was a felon as required under *Rehaif*.[27] Curry also filed a motion to

---

23   R. Doc. 233.
24   *Id.* Curry also argues that the attempted possession with intent to distribute marijuana conviction is not a predicate offense under the ACCA. *Id.* This Court previously found that the ACCA does not apply to Curry's sentence, R. Doc. 184, so this argument is moot.
25   R. Doc. 233.
26   R. Doc. 236.
27   *Id.*

amend his motion to correct an illegal sentence,[28] in which he asserts that because the conviction does not constitute a felony, it should not have been used for enhancement purposes under the career offender guideline, U.S.S.G. § 4B1.1, and that his counsel was constitutionally ineffective for failing to object to it.[29]

In an order entered on September 22, 2023, the Court advised Curry, as required by *Castro*, that the relief he sought through his motions was appropriate only under the remedy provided by 28 U.S.C. § 2255, and that it was the Court's intention to recharacterize his motions accordingly.[30] As also required by *Castro*, the Court warned Curry of the consequences of the recharacterization, including the restrictions on filing successive § 2255

---

[28] R. Doc. 240. This filing is duplicative of a reply brief Curry submitted for the second, supplemental motion. R. Doc. 239.

[29] R. Doc. 240.

[30] R. Doc. 241. Although Curry had already filed a § 2255 motion, and courts ordinarily lack jurisdiction to consider second and successive filings, the instant motion is not second and successive because it is the first to follow Curry's 2018 resentencing and judgment. See *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) ("[W]here the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not second or successive' within the meaning of the statute." (quoting *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010)); *cf. In re Parker*, 575 F. App'x 415, 419 (5th Cir. 2014) (holding that § 2255 motion was second and successive when filed after amended judgment because "[t]he amended judgment is not the result of a new proceeding or resentencing, and the amended judgment had no effect on the overall length of [defendant's sentence]").

motions. The Court gave Curry sixty days either to withdraw his motion to avoid recharacterization or to amend his motion to correct an illegal sentence to assert any additional claims challenging his conviction and sentence under § 2255.[31] The Court further instructed Curry that should he wish to proceed with the arguments raised in his supplemental motion to correct an illegal sentence[32] and motion to amend the motion to correct an illegal sentence,[33] in addition to the arguments raised in his original motion to correct an illegal sentence,[34] he must consolidate these claims in the amended § 2255 motion. The Clerk's Office sent Curry all forms necessary to file an application for a writ of habeas corpus under 28 U.S.C. § 2255.

On December 4, 2023, Curry filed a response to the Court's *Castro* order.[35] In his filing, Curry reasserts many of the same arguments for relief that he raised earlier.[36] Curry also argues that his state conviction for attempted possession with intent to distribute marijuana did not involve "distribution" as required for an enhancement based on a controlled substance offense, and that his conviction for attempted aggravated oral

---

[31] R. Doc. 241.
[32] R. Doc. 236.
[33] R. Doc. 240.
[34] R. Doc. 233.
[35] R. Doc. 242.
[36] *Id.*

sexual battery should not have be used for enhancement purposes because it has been ruled unconstitutional by the Supreme Court.[37]

On December 20, 2023, the Court recharacterized Curry's motions as a collateral attack of his conviction and sentence under 28 U.S.C. § 2255 and ordered the government to respond to the motion.[38] The Government contends that Curry's Section 2255 motion is untimely,[39] that his arguments, excluding those related to ineffective counsel, are procedurally barred,[40] that he waived the right to collaterally contest his sentence as part of his plea agreement,[41] and that his claims are otherwise meritless or inappropriate for collateral review.[42]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."

---

[37]   *Id.*
[38]   R. Doc. 243.
[39]   R. Doc. 245 at 5-8.
[40]   *Id.* at 8-10.
[41]   *Id.* at 10-11.
[42]   *Id.* at 11-14.

28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four grounds on which the motion may be made:

> (1) [T]he sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (first citing 28 U.S.C. § 2255; and then citing *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992)). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal quotation marks omitted)).

When a prisoner files a Section 2255 motion, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the Court must order the Government to file a response or to take other appropriate action. *Id.* The Court may then order the parties to expand the record as necessary and, if good cause is shown,

authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6 & 7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citation omitted). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial' errors, the Court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 633-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying

10

*Brecht* in a section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Timeliness

Curry's motion is untimely. A Section 2255 movant "has one year to seek post-conviction relief." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (citing 28 U.S.C. § 2255(f)). This one-year period runs from the latest of four possible dates: (1) when the judgment became final, (2) when a government-created impediment to filing the motion was removed, (3) when the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) when the petitioner could have discovered, through due diligence, facts supporting the claim or claims presented in the motion. 28 U.S.C. § 2255(f); *United States v. Brown*, 305 F.3d 304, 306-07 (5th Cir. 2002).

Curry's conviction became final fourteen days after the Court issued its judgment on August 13, 2018, when the time for filing a notice of appeal

expired.[43] *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *see also* Fed. R. App. P. 4(b)(1). Curry filed his first motion under Section 2255 on April 21, 2022, with a signature date of April 19, 2022.[44] Accordingly, over one year passed between when Curry's conviction became final and when he filed his first Section 2255 motion.

Curry does not contend that any governmental action impeded his ability to request post-conviction relief. *See* 28 U.S.C. § 2255(f)(2). He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case, *see id.* § 2255(f)(3), or that he lacked facts to support his claim, *id.* § 2255(f)(4). And although Section 2255's one-year limitations period "is subject to equitable tolling" when the defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008) (internal citation omitted), Curry does not assert that he is entitled to equitable tolling for his late filing or allege any facts that warrant it. Therefore, Curry filed his

---

[43]  R. Doc. 202. Curry's untimely notice of appeal, filed on September 5, 2018, R. Doc. 204, does not change when his conviction became final. *See United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (holding that a conviction is final upon the expiration of the time for filing a timely notice of appeal when defendant files an untimely notice of appeal).

[44]  R. Doc. 233.

12

Section 2255 motion over one year after the latest applicable start of the limitations period, and his motion is time-barred.

## B. Procedural Barriers and Merits

Even if Curry's motion were timely, his arguments fail. Curry's objections to the Court's application of the guidelines are not constitutional challenges, and cannot be raised in a section 2255 proceeding.[45] *United States v. White*, No. 16-40, 2022 WL 888404, at *4 (E.D. La. Mar. 25, 2022); *see also United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255"). And Curry's other claims, excluding those related to ineffective assistance of counsel, are barred by his failure to raise them on direct appeal and the collateral-review waiver in his plea agreement.

A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Curry failed to assert that his state marijuana conviction qualified as a predicate felony for the career offender enhancement on direct appeal, and indeed, conceded that it was serious drug offense for the

---

45    R. Docs. 233 at 5, 236 at 3-4, 240 at 4-5 & 242 at 6.

purposes of the Armed Career Criminal Act. *Curry*, 552 F. App'x at 311. Curry does not assert a cause for his procedural default. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) ("The 'cause' prong of this standard requires the movant to show that some objective factor external to his defense prevented him from raising the claim in the initial motion."). Therefore, the Court holds that Curry's claims resulting from his state marijuana conviction on collateral review are procedurally barred.

Likewise, a "defendant may waive his right to direct appeal and collateral attack of a conviction, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (June 1, 2015) (citing *United States v. Bond*, 414 F.3d 542, 533 (5th Cir. 2005)). Curry's plea agreement states that he gave up "his right to contest his conviction and/or his sentence in any collateral proceeding."[46] Curry and his attorney both signed this plea agreement, and Curry does not contest that his plea agreement was voluntary.[47] *See id.* ("When the petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the

---

[46]   R. Doc. 40 at 2-3.
[47]   *Id.* at 4.

defendant to the bargain he made—the Court need not presume the waiver was ineffective.").

Curry alleges that he would not have pleaded guilty if he had known that the marijuana conviction qualified as a predicate offense for the career offender enhancement,[48] but he does not contest the waiver terms of his plea agreement. And at his rearraignment, Curry confirmed to the Court that he understood that the Court could sentence him to the statutory maximum,[49] that he had gone over the plea agreement with his attorney and understood its terms and conditions,[50] that he expressly waived his right to appeal his conviction or his sentence, including by bringing a postconviction or collateral proceeding, and that his lawyer explained to him his appeal rights and the effect of waiving his appeal rights.[51] His attorney likewise confirmed that he explained Curry's appeal rights and the effect of waiving those rights.[52] "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Id.* (citing *United*

---

[48]  R. Doc. 240 at 4.
[49]  R. Doc. 90 at 8-9.
[50]  *Id.* at 13.
[51]  *Id.* at 17-19.
[52]  *Id.* at 22.

*States v. Ruiz*, 536 U.S. 622, 630 (2002)). The record amply demonstrates that Curry understood the terms of his plea agreement, including the waiver of his rights to appeal or collaterally attack his conviction or sentence. The Court therefore finds that Curry's waiver of his appeal rights was knowing and voluntary. Accordingly, Curry is barred from challenging his sentence except for his ineffective assistance of counsel claim.[53]

Lastly, Curry's central contention—that his state conviction for attempted possession with intent to distribute marijuana cannot serve as a predicate offense for the career offender sentencing enhancement under Section 4B1.1(a) of the Sentencing Guidelines because he was convicted for a crime of attempt[54] and received a seven-month term of imprisonment[55]—is fundamentally flawed. Neither the fact that he was convicted of a crime of attempt or that he received less than a year-long sentence renders the career offender enhancement inapplicable. The Guidelines' commentary provides that "a controlled substance offense include[s] the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses," U.S.S.G. § 4B1.2 cmt. n. 1 (emphasis added), and Section 4B1.2 defines a prior felony conviction as a conviction "punishable by death or imprisonment for a term

---

[53]  *See*. R. Doc. 40 at 2-3.
[54]  *See* R. Docs. 233.
[55]  *See* R. Docs. 236, 240 & 242.

16

exceeding one year . . . *regardless of the actual sentence imposed*," U.S.S.G. § 4B1.2(e)(4). At the time of Curry's sentencing, attempted possession with intent to distribute marijuana was punishable by up to fifteen years imprisonment. *See* La. Rev. Stat. § 979(A) (1999) (establishing the punishment for an attempted crime as "one-half of the punishment prescribed for the offense"); La. Rev. Stat. § 966(B)(2) (1999)(establishing a term of imprisonment of not "more than thirty years" for person convicted of possession with intent to distribute a controlled substance). Therefore, Curry does not allege any error in his sentencing and has no basis for his undeveloped claim that attorney should have objected to the career offender enhancement, much less that he was provided ineffective assistance of counsel.[56] *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984) (holding that defendant must show that counsel's performance was constitutionally deficient and that he suffered prejudice because of the deficiency).

Because Curry has failed to produce any independent indicia of the likely merit of his allegations, *see Edwards*, 442 F.3d at 264, he is not entitled to an evidentiary hearing. The record in this case is adequate to dispose fully and fairly of Curry's Section 2255 motion.

---

[56] R. Doc. 240 at 4-5.

### A.  Certificate of Appealability

When a district court enters a final order adverse to a petition under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)).

Here, Curry's motion does not satisfy these standards.  For the reasons stated in this order, the Court finds that Curry's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender debate among reasonable jurists or deserve encouragement to proceed further.  Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Curry's motion to vacate his sentence under 28 U.S.C. § 2255. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __5th__ day of September, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE